## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                                      Case No.  11-31889

DAVID J. MILLER
BETTY L. MILLER

        Debtors


## MEMORANDUM ON MOTION OF FIRST PLACE BANK
## FOR RELIEF FROM THE AUTOMATIC STAY AND FOR WAIVER
## OF STAY OF ENFORCEMENT OF ORDER


**APPEARANCES:**    PLUNKETT COONEY, P.C.
                         Shokrina Radpour Beering, Esq.
                         300 North Meridian Street
                         Suite 990
                         Indianapolis, Indiana  46204
                         Attorneys for First Place Bank

                      GENTRY, TIPTON & McLEMORE, P.C.
                         Maurice K. Guinn, Esq.
                         Post Office Box 1990
                         Knoxville, Tennessee  37901
                         Attorneys for Maurice K. Guinn, Chapter 7 Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Motion of First Place Bank for Relief From the Automatic Stay and for Waiver of Stay of Enforcement of Order (Motion for Stay Relief) filed by First Place Bank on June 3, 2011, and the Objection by Maurice K. Guinn, Trustee, to Motion of First Place Bank for Relief From the Automatic Stay (Objection) filed by the Chapter 7 Trustee (Trustee) on June 15, 2011.[1] The court held a hearing on the Motion for Stay Relief and Objection on July 28, 2011, at which time the parties agreed that a trial was not necessary and that the issue – whether First Place Bank is entitled to relief from the automatic stay to permit it to foreclose its mortgage encumbering property located at 308 E. Main Street, Butler, Indiana or whether relief from the stay should be denied because the Real Estate Mortgage executed by the Debtors lacks an adequate property description and is therefore defective under Indiana law – could be resolved on stipulations and briefs.

The record before the court consists of Stipulations filed by the parties on August 5, 2011, including five exhibits stipulated into evidence: a Promissory Note (STIP. EX. 1), a Real Estate Mortgage (STIP. EX. 2), an Assignment of Leases and Rents (STIP. EX. 3), a Warranty Deed (STIP. EX. 4), and a Title Loan Policy (STIP. EX. 5). Pursuant to the scheduling Order entered on July 28, 2011, the Trustee filed his Memorandum Brief Supporting Objection by Maurice K. Guinn, Trustee, to Motion of First Place Bank for Relief From Automatic Stay on August 23, 2011, and the Response to Memorandum Brief Supporting Objection by Maurice K. Guinn, Trustee, to Motion of First Place Bank for Relief From Automatic Stay was filed by First Place Bank on September 2, 2011.

---

[1] Although not authorized by the local rules or court order, First Place Bank filed a Response to Objection by Maurice K. Guinn, Trustee, to Motion of First Place Bank for Relief From the Automatic Stay on July 15, 2011.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) (2006).

I

On May 5, 2006, the Debtors executed a Promissory Note payable to Hicksville Building Loan and Savings Bank in the original principal amount of $30,000.00. STIPS. at ¶ 3; STIP. EX. 1. To secure the Promissory Note, the Debtors executed a Real Estate Mortgage and an Assignment of Leases and Rents in favor of Hicksville Building Loan and Savings Bank granting it a security interest in real property described in the Real Estate Mortgage as "LOT NUMBERED FIFTY-EIGHT (58) IN DANFORTH'S ADDITION TO THE TOWN, NOW CITY, OF BUTLER, DEKALB COUNTY, INDIANA" (Real Property), and in all leases and rents associated therewith. STIPS. at ¶¶ 4-5; STIP. EX. 2; STIP. EX. 3. Both the Real Estate Mortgage and Assignment of Leases and Rents were recorded with the Recorder of Dekalb County, Indiana, on May 8, 2006. STIP. EX. 2; STIP. EX. 3. First Place Bank, as successor in interest to Hicksville Building Loan and Savings Bank, is holder of the May 5, 2006 Promissory Note. STIPS. at ¶ 3. First Place Bank is the holder of two additional Promissory Notes which it claims are also secured by the Real Property pursuant to the terms of the Real Estate Mortgage: a Note executed by the Debtor David J. Miller in the original principal amount of $135,471.15 and a Note executed by the Debtors in the original principal amount of $26,036.47. STIPS. at ¶ 6.

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on April 19, 2011. STIPS. at ¶ 1. On June 3, 2011, First Place Bank filed its Motion for Stay Relief, seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) (2006). STIPS. at ¶ 2. The

Trustee filed his Objection on June 15, 2011, averring that the legal description of the Real Property contained in the Real Estate Mortgage is inadequate. STIPS. at ¶ 7.

## II

The automatic stay provides debtors with "an opportunity to protect [their] assets for a period of time so that [their] resources might be marshaled to satisfy outstanding obligations." *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994). Nevertheless, during the pendency of the automatic stay, creditors "should not be deprived of the benefit of their bargain[,]" *In re Planned Sys., Inc.*, 78 B.R. 852, 861 (Bankr. E.D. Ohio 1987), and thus, may seek relief from the automatic stay from the court. First Place Bank seeks relief from the stay pursuant to 11 U.S.C. § 362(d)(2), which states, in material part, that upon the request of a party in interest, "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay — . . . (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization[.]" 11 U.S.C. § 362(d) (2006). First Place Bank bears the burden of establishing no equity, which, "for the purpose of § 362(d)(2) . . . is a function of the property's value, minus the amounts due on account of the liens and encumbrances against it, and any claimed exemption," *In re White*, 409 B.R. 491, 495 (Bankr. N.D. Ind. 2009), and is defined as "the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." *Sumitomo Trust & Banking Co. v. Holly's Inc. (In re Holly's Inc.)*, 140 B.R. 643, 697 (Bankr. W.D. Mich. 1992) (quoting *Stephens Indus., Inc. v. McClung*, 789

F.2d 386, 392 (6th Cir. 1986)). If it cannot establish a lack of equity, the inquiry ends, and relief will not be granted, *see* 11 U.S.C. § 362(g) (2006); however, if First Place Bank meets its burden of proof, the burden shifts to the Debtors to prove that the collateral is necessary for an effective reorganization.[2]

As of May 25, 2011, the date of the last payment received by First Place Bank from the Debtors, the outstanding aggregate balance on all three Promissory Notes was $113,079.77. STIPS. at ¶ 6. The parties do not dispute that the value of the Real Property is less than the debt owed to First Place Bank, and, given that the Debtors' case was filed under Chapter 7, the Real Property is not necessary for an effective reorganization. STIPS. at ¶ 6. Instead, the Trustee opposes the Motion for Stay Relief on the basis that the description of the Real Property in the Real Estate Mortgage is insufficient. STIPS. at ¶ 7. Because the Real Property is located in Indiana, Indiana law governs whether First Place Bank holds a valid and enforceable mortgage lien on the Real Property. STIPS. at ¶ 9.

"The purpose of recording a mortgage is to give notice to persons subsequently dealing with the property of the existence of the mortgage and to charge them with notice of what the records disclose. To charge subsequent purchasers with notice, a mortgage must be recorded in the proper county, and must contain an accurate legal description of the property." *Bank of N.Y. v. Nally*, 820 N.E.2d 644, 649-50 (Ind. 2005) (internal citations omitted); *see also In re Herr*, 79 B.R. 793, 798 (N.D. Ind. 1987) ("Constructive notice is a legal inference from established facts. Deeds and

---

[2] As the Debtors' case arises under Chapter 7, there is no reorganization issue.

5

mortgages, when properly acknowledged and placed on record as required by statute, are constructive notice of their existence, and charge a subsequent grantee with notice of all that is shown by the record.") (quoting *Wienke v. Lynch*, 407 N.E.2d 280, 286 (Ind. Ct. App. 1980) (citations omitted)). "In order for a mortgage to be effective, it must contain a description of the land intended to be covered sufficient to identify it. The test for determining the sufficiency of a legal description is whether the tract intended to be mortgage can be located with certainty by referring to the description." *Keybank Nat'l Ass'n v. NBD Bank*, 699 N.E.2d 322, 326 (Ind. Ct. App. 1998) (internal 80citations omitted); *see also In re Dunn*, 109 B.R. 865, 873 (Bankr. N.D. Ind. 1988) ("The description of the real estate must be sufficient to identify it, or it must furnish the means by which it can be identified. For instance, such descriptions as 'all the lands owned by' the mortgagor, and 'being the tract deed to John H. Brown by E. Kitch, Trustee', were held to be sufficient.") (internal citations omitted).

Here, the Real Estate Mortgage identifies the secured property as "LOT NUMBERED FIFTY-EIGHT (58) IN DANFORTH'S ADDITION TO THE TOWN, NOW CITY, OF BUTLER, DEKALB COUNTY, INDIANA." STIPS. at ¶ 5; STIP. EX. 2. This property description is likewise found within the Promissory Note executed on May 5, 2006, the Assignment of Leases and Rents dated May 5, 2006, the Warranty Deed by which the Debtors purchased the Real Property on May 20, 2005, and Schedule A of Loan Policy MM6027120 issued by Old Republic National Title Insurance Company dated May 8, 2006. STIP. EX. 1; STIP. EX. 3; STIP. EX. 4; STIP. EX. 5. Additionally and significantly, the Real Estate Mortgage and Assignment of Leases and Rents, both of which were properly recorded, further describe the Real Property, stating "The property is located in DEKALB (County) at 308 E MAIN STREET, BUTLER, Indiana 46721." STIP. EX. 2; STIP. EX.

6

3. Based upon Indiana law, the court finds that the Real Property is sufficiently described because the " tract intended to be mortgaged can be located with certainty by referring to the description." *Keybank Nat'l Ass'n*, 699 N.E.2d at 326.  Even if the original description of "LOT NUMBERED FIFTY-EIGHT (58) IN DANFORTH'S ADDITION TO THE TOWN, NOW CITY, OF BUTLER, DEKALB COUNTY, INDIANA" was insufficient, the addition of and reference to the actual street address within the Real Estate Mortgage and the Assignment of Rents and Leases can leave no doubt as to the location of the Real Property.

The Trustee does not allege that the property description contains any errors, only that it is insufficient because it lacks the district in which the property is located, any reference to a plat or previously recorded deed, and a valid tax identification number.  Although the presence of any one or all of those descriptive terms would serve as a greater identifier for subsequent purchasers and lienholders, under Indiana law, the lack thereof is certainly not fatal because the Real Property can be ascertained from the property description.  *See, e.g., Keybank Nat'l Ass'n*, 699 N.E.2d at 325, 326 (reversing the bankruptcy court and holding that a mortgage recorded within the chain of title with an error in the legal description identifying property as "Sections 13 and 14 Range 12 North, Range 1 West" was nevertheless valid because the real property "could be located despite the typographical error in the legal description."); *Craven v. Butterfield*, 80 Ind. 503, 1881 WL 6926, at *4 (Ind. 1881) (holding that a description of "twenty-seven acres, fractional section fifteen, town eight south, of range eleven west" was "clearly void for want of certainty in the description of the land" because "it is impossible to determine, by the words of the mortgage, where in section fifteen the twenty-seven acres are, or in what shape they are.").

The Trustee's Objection shall be overruled, and the Motion for Stay Relief filed by First Place Bank on June 3, 2011, shall be granted. An Order consistent with this Memorandum will be entered. As requested in the Motion for Stay Relief, the fourteen-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure will not apply to the Order.

FILED: October 25, 2011

                                          BY THE COURT

                                          */s/ RICHARD STAIR, JR.*

                                          RICHARD STAIR, JR.
                                          UNITED STATES BANKRUPTCY JUDGE